UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cr-20147-LEIBOWITZ

UNITED STATES OF AMERICA

vs.

BEATRIZ TOLEDO,
    a/k/a "Betty Toledo,"
    a/k/a "Beatriz Sardinas,"

        Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and Beatriz Toledo, a/k/a "Betty Toledo," a/k/a "Beatriz Sardinas," (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Counts 12–14 of the indictment, which counts charge the defendant with aiding and assisting the preparation of false tax returns, in violation of Title 26, United States Code, Section 7206(2).

2. This Office agrees to seek dismissal of counts 1–11 and 15–16 of the indictment, as to this defendant, after sentencing.

3. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered.

The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The defendant also understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to 3 years per count, followed by a term of supervised release of up to 1 year. These sentences of imprisonment may be run consecutively, for a total sentence of 9 years imprisonment. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000 and may order forfeiture and restitution.

5. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $300 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If a defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

6.      This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7.      This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office, however, will not be required to make this motion and this recommendation if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8. This Office and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

(1) <u>Loss</u>: That the relevant amount of tax loss under Sections 2T1.4(a)(1) and 2T4.1(K) of the Sentencing Guidelines resulting from the offense committed in this case is more than $9,500,000 and less than $25,000,000.

(2) <u>Business of tax preparation</u>: That the defendant should receive a two-level increase for being in the business of preparing or assisting in the preparation of tax returns, pursuant to Section 2T1.4(b)(1)(B).

(3) Except as agreed to in Paragraphs 8(1) and (2), the parties are free to argue for or against any other enhancement, reduction, departure, or variance under the Federal Sentencing Guidelines or 18 U.S.C. § 3553(a).

9. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw her plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by the defendant and this Office.

4

10. Pursuant to 18 U.S.C. § 3663(a) and (b), the defendant agrees to make full restitution to the Internal Revenue Service ("IRS") in the amount of $20,759,160, less any of that amount recovered by the IRS from the defendant or third parties prior to sentencing. The defendant understands and acknowledges that the Court will order restitution for the full amount of the IRS's losses. The defendant understands that the amount of restitution owed to the IRS will be determined at or before sentencing unless the Court orders otherwise. The defendant understands that the defendant will not be entitled to withdraw the plea of guilty based upon any restitution amount ordered by the Court.

11. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation. The defendant agrees to make a complete and accurate financial disclosure to the IRS within 30 days of this agreement on IRS Forms 433-A and Form 433-B, and to disclose to the IRS any and all additional financial information and financial statements provided to the Probation Office.

12. The defendant agrees, as part of this plea agreement, that she shall be permanently enjoined, under 26 U.S.C. §§ 740 & 7407, from: preparing, requesting, assisting in, or directing the preparation or filing of federal tax returns or other related documents or forms for any individual or entity other than herself; maintaining any association with a tax return preparation business; and instructing, teaching, or otherwise training any person in the preparation of federal tax returns. The defendant understands the United States will file a civil complaint against her seeking this relief, and she consents to the entry of a permanent injunction. She further understands that if she willfully violates the terms of that permanent injunction, she may be subject to a fine or imprisonment for criminal contempt.

13. The defendant agrees to cooperate with the Internal Revenue Service ("IRS") in its civil examination, determination, assessment, and collection of income taxes related to the defendant's 2016 through 2020 income tax returns, and further agrees not to conceal, transfer, or dissipate funds or property that could be used to satisfy such taxes, penalties, and interest. The defendant agrees to provide the IRS any documentation in the defendant's possession and/or control requested by the IRS in connection with its civil examination, determination, assessment, and collection of such income taxes prior to sentencing. The defendant further knowingly and voluntarily agrees to waive any statute of limitations with respect to assessment and collection of the defendant's individual and corporate/entity tax liabilities concerning tax years 2016 through 2020.

14. The defendant agrees to prepare and file accurate amended individual income tax returns for herself in her personal capacity for the tax years 2016 through 2018, by no later than the time of the defendant's sentencing. The defendant also agrees to pay all taxes, interest, and penalties due and owing to the IRS, including all taxes, interest, and penalties on the defendant's individual and any related corporate/entity liabilities for the tax years 2016 through 2018, by no later than the time of the defendant's sentencing. The defendant agrees that the taxes due and owing to the IRS, excluding interest and penalties, for the tax years 2016 through 2018 are, at least, as follows: (1) $9,000 for 2016 for falsely claiming a Residential Energy Credit; (2) $18,734 for 2017 for falsely claiming a Residential Energy Credit; and (3) $14,534 for 2018 for falsely claiming a Residential Energy Credit.

15. The defendant agrees that any statements made by the defendant to the IRS and/or in this agreement shall be admissible against the defendant without any limitation in any civil or criminal proceeding and the defendant stipulates to the authenticity and admissibility, in any civil

or criminal proceeding, of any documentation provided by the defendant to the IRS. The defendant hereby waives any protection afforded by Rule 410 of the Federal Rules of Evidence and Rule 11(f) of the Federal Rules of Criminal Procedure with regard to any such statements and documentation. In the event that the defendant withdraws from this agreement prior to pleading guilty and/or fails to fully comply with any of the terms of this agreement, the United States will, at its option, be released from its obligations under this agreement, but under no circumstances shall the defendant be released from the agreements and waivers made by the defendant in this and the preceding two paragraphs.

16. The defendant is aware that Title 28, United States Code, Section 1291 and Title 18, United States Code, Section 3742 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 1291 and 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of her right to appeal her sentence.

17. The defendant further hereby waives all rights conferred by Title 28, United States Code, Section 1291 to assert any claim that (1) the statute(s) to which the defendant is pleading

guilty is/are unconstitutional; and/or (2) the admitted conduct does not fall within the scope of the statute(s) of conviction.

18. By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney. The defendant further agrees, together with this Office, to request that the Court enter a specific finding that the defendant's waiver of her right to appeal the sentence imposed in this case and her right to appeal her conviction in the manner described above was knowing and voluntary.

19. The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a natural-born citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offenses to which defendant is pleading guilty. In addition, under certain circumstances, denaturalization may also be a consequence of pleading guilty to a crime. Removal, denaturalization, and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's denaturalization and automatic removal from the United States.

20. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 12/9/24      By: _____
                       WILL J. ROSENZWEIG
                       ASSISTANT UNITED STATES ATTORNEY

Date: 11/21/24     By: _____
                       A. ANTONIO TOMAS, ESQ.
                       ATTORNEY FOR DEFENDANT

Date: 11/21/2024   By: _____
                       BEATRIZ TOLEDO
                       DEFENDANT