**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 24-cr-20147-LEIBOWITZ**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| Plaintiff, | ) |
| v. | ) |
| BEATRIZ TOLEDO | ) |
| Defendant, | ) |
| _____/ | |

**FINAL ADDENDUM TO SENTENCING MEMORANDUM**

Defendant BEATRIZ TOLEDO, by and through her undersigned counsel, hereby files her Final Addendum to her previously filed Sentencing Memorandum and response to the recently filed Memorandum by the government, and in support thereof, states as follows:

**HEALTH ISSUES**

In its sentencing memorandum, the government points out that Ms. Toledo will "lean on her age and health as reasons why she is not likely to recidivate." The government goes on to suggest that this Court should treat that claim with skepticism. The Court is certainly free to give as much or as little weight to any mitigating factors or other section 3553 factors as it deems appropriate. However, skepticism is not needed when presented with facts which are not subject to dispute. As it pertains to her health, the fact is that Ms. Toledo, in December of 2016, was diagnosed with a malignant brain tumor. She had surgery. The surgeons had to use a saw to open her skull and remove a sizable chunk of her brain. See attached picture of Ms. Toledo's scar from her surgery, attached as exhibit A. Ever since then, she has suffered a litany of medical issues, not the least of which are very frequent migraines, which are debilitating. This health issue had a direct and profound

negative impact on virtually every aspect of her life, including but not limited to her decision making, her coping mechanisms, and her mental and emotional well being. While this is certainly no excuse for anything, it does provide some insight and explanation as to what she was going through and living with during the time that the instant offenses occurred.

## 2009 PERMANENT INJUNCTION

In its sentencing memorandum, the government claims that, almost 20 years ago, Ms. Toledo operated a different tax preparation business (PCPS Corporation) and submitted at least 1,491 tax returns in 2006 and 2007 claiming over $3.6 million in fraudulent fuel tax credits. This is a <u>gross mischaracterization</u> of what happened. Defendant Toledo does not wish to make this a theme in her sentencing hearing, however it is very important that the government not be permitted to mischaracterize what occurred or taint the Court's perception of Ms. Toledo by way of innuendo or suggestion. Hence the need to submit this addendum to attempt to clarify this particular issue.

Ms. Toledo acknowledges that a permanent injunction was issued against her and other parties in 2009, but she vehemently denies the suggestion that she prepared any fraudulent returns during that time. This Court should note that the 2009 injunction stems from a complaint that was filed against several parties, to wit: Alberto Alem, PCPS Accounting and Tax Service, Beatriz Toledo a/k/a Beatriz Sardinas, Pilar Medina, GT Professional Services and BP Professional Services. In its complaint, the government alleged that "the defendants" prepared tax returns in 2006 and 2007 where they prepared IRS Form 4136 for customers' returns in order to falsely claim that the customers used gasoline or diesel fuel for off-highway business purposes. According to the government's complaint, the

defendants claimed the fuel credit primarily for purported truck drivers who would operate highway vehicles not eligible for the fuel tax credit.  United *States v. Alberto Alem, et al.*, 09-cv-21987-MGC, document 1 (complaint for permanent injunction and other equitable relief filed by United States), paragraph 17, entered on FLSD Docket 7/16/2009.

In her answer to the government's complaint, Ms. Toledo, on behalf of herself personally and on behalf of PCPS Corporation, expressly denied the accusations in paragraph 17[1].  She went on to specifically state the following affirmative defenses in her answer:  Paragraph 51:  Defendants [Beatriz Toledo and PCPS Corporation] did not prepare any of the returns or claims for refund cited in the Complaint; and paragraph 53: Defendants furnished typing, reproducing, or other mechanical assistance, thus, they did not aid or assist in the preparation of the tax returns cited or other such documents.  <u>Id.</u>

Similarly, Pilar Medina filed her answer to the government's complaint on behalf of herself and raised the following affirmative defenses:  In paragraph 52 of her answer, she states that [she] did not prepare any of the returns or claims for refund cited in the Complaint.  Paragraph 53 of her answer states that [she] did not furnish type, reproduce, or provide other mechanical assistance, thus, she did not aid or assist in the preparation of the tax returns cited or other such documents.  <u>Id.</u>  It should be further noted that the complaint did not allege that Ms. Medina prepared any returns, rather she was the owner of an electronic filing identification number ("EFIN") registered with the IRS that was also linked to PCPS Immigration Services.  This is the EFIN that Mr. Alem used to file some of the tax returns he prepared for clients.  **Undersigned previously erred in stating that the EFIN was owned by Ms. Toledo.  It was actually owned by Ms. Medina**.  *See*

---

[1] United States v. Alberto Alem, et al., 09-21987-civ-MGC, document 10 (Answer by Beatriz Toledo and PCPS Corporation), entered on FLSD Docket 8/11/2009.

paragraph 8 of the government's complaint in *United States v. Alberto Alem, et al.*, 09-cv-21987-MGC, Document 1, entered on FLSD Docket 7/16/2009.

By way of contrast, Alberto Alem filed his answer and he <u>admitted</u> that "he did misapplied 26 U.S.C. sec. 6421(a) Fuel Tax Credit, for a two (2) year period of time {2006 & 2007} however he corrected this error by notifying the majority of these individuals and properly corrected this error with the Internal Revenue Service." See paragraph 17 of Answer filed by Alberto Alem, *United States v. Alberto Alem, et al*, 09-cv-21987-MGC, document 18, entered on FLSD Docket 5/24/2010.

At the end, the parties agreed to a permanent injunction. In the case of Ms. Toledo, she voluntarily entered into a permanent injunction without the entry of findings of fact and conclusions of law. [2] The final judgment specifically states that "[n]othing in this Stipulated Final Judgment of Permanent Injunction should be construed as an admission of the allegations contained the United States' complaint." *Id.* at pg. 2. As part of the injunction, Ms. Toledo was ordered to complete a tax preparation course approved by the United States. *See Id.* at pg. 3.

Ms. Pilar Medina was furnished with the exact same injunction and with the same order to complete a tax preparation course approved by the United States. This Court should note that the government never even alleged that Ms. Medina prepared any returns, but she received the same "penalty" as Ms. Toledo.

In short, Ms. Toledo denied preparing false returns in her answer and affirmatively alleged that she did not have any involvement or connection with any of the returns cited

---

[2] Stipulated Final Judgment of Permanent Injunction Against Beatriz Sardinas and PCPS Corporation, *United States v. Alberto Alem et al.*, 09-cv-21987-MGC, Document 23, Entered on FLSD Docket 7/27/2010.

in the government's complaint. Ms. Medina also denied the government's claim and affirmatively alleged that she did not prepare or assist in preparing any of the returns cited in the government's complaint. Mr. Alem, by contrast, acknowledged preparing the returns and admitted that he erred in his use of the fuel tax credit.

Importantly, the final judgment specifically states that no admissions should be deemed to have been made by way of the entry of the injunction. The government is asking this Court to make certain conclusions or assumptions about Ms. Toledo in spite of this. The government is suggesting that she was involved with and perpetrated tax fraud back in 2006 and 2007 and they have no basis to make that claim. Both Ms. Toledo and Ms. Medina were penalized in 2009 because of the actions of Mr. Alberto Alem. Their only mistake was to trust him and not take greater steps to supervise or closely observe what he was doing.

Defendant Toledo respectfully requests that this Court carefully consider these points in making its final sentencing decision.

Respectfully submitted,

Tomas Law Firm
2850 South Douglas Road, Suite 303
Coral Gables, Florida  33134
Phone:  (305) 213-2344
Facsimile No:  (305) 648-1060
BY:  */s/ A. Antonio Tomas*
         A. Antonio Tomas
         FBN 662003

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via CM/ECF to counsel for the United States on the 20th day of March, 2024.

*/s/ A. Antonio Tomas*
A.  Antonio Tomas

# EXHIBIT A

SCAR FROM BRAIN SURGERY – DECEMBER 2016

